UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CROP PRODUCTION SERVICES, INC, and LOVELAND PRODUCTS INC., | 11-CV-6160-TC |
| Plaintiffs, | ORDER |
| v. | |
| PAN AMERICAN BERRY GROWERS, LLC, and INDUSTRIAL AVIATION SERVICES, INC., | |
| Defendants. | |

COFFIN, Magistrate Judge:

This action arises from damage to a blueberry crop allegedly caused by the application of insecticide to the crop. Plaintiffs filed an action for declaratory relief in this court and Pan-American Berry Growers subsequently filed an action asserting several state-law claims in state court. The declaratory action in this court also contains state-law counterclaims and crossclaims.

Presently before the court is a motion to dismiss from Pan-American Berry Growers. Pan-American seeks to dismiss this federal action in favor of the action Pan-American filed in Marion

Page 1 - ORDER

County Circuit Court. For the reasons stated below, Pan-American's motion to dismiss is denied.

## DISCUSSION

Pan-American concedes that this court has discretion to exercise jurisdiction in this action, but that this court should exercise such discretion to decline jurisdiction.

This court has reviewed Pan-American's arguments and analysis of the factors considered in this matter, ( see p.p. 8-12 of Memo (#4), Reply (#22), and Supplemental Memorandum (#36)), and finds that discretionary dismissal is not appropriate in the circumstances of this action. Pan-American states that whether this declaratory action is a product of procedural fencing by plaintiff is weighed more heavily than any other factor and that procedural fencing is present here. However, procedural fencing is not present because , among other reasons, lengthy negotiations as to liability had broken down, there was not a race to the courthouse, and plaintiffs are entitled to bring an action to attempt to clear the name of their product and the current method of its application. See p.p. 10-17 of Opposition (#8). The other factors considered are not present to an extent to justify exercising discretion in favor of dismissing this action, and many favor retaining jurisdiction, e.g., the declaratory action will settle all aspects of the controversy and will clarify the legal relations at issue. As to the convenience of the parties, while Marion County may be closer for some of the parties, Eugene is a mere 60 miles further from them. Although this action will determine several state-law claims, such will not amount to the needless determinations of state law issues and any determinations of state law issues will not be so novel as to justify dismissing this action in the circumstances of this case.

## CONCLUSION

Pan-American's motion (#3) to dismiss is denied.

DATED this 7th day of February, 2012.

_____
THOMAS M. COFFIN
United States Magistrate Judge

Page 3 - ORDER